UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STEPHEN S. WALKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 19-321-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Federal inmate Stephen Walker has filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking to challenge his 2013 conviction for being a felon in possession of a firearm. He contends that his conviction is invalid under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [Record No. 1] The government argues that, even under *Rehaif*, Walker has not demonstrated that no reasonable juror would have convicted him because his three prior felony convictions provided ample basis to conclude that he knew that he was a felon. [Record No. 9] Walker has not filed a reply and the deadline to do so has passed. The Court will deny the petition for substantially the reasons articulated by the government.

In February 2013, a jury in Baltimore, Maryland convicted Walker of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The trial court concluded that Walker's three prior felony convictions qualified him as an armed career criminal within the meaning of 18 U.S.C. § 924(e). It then imposed a sentence of 293 months' imprisonment. *United States v. Walker*, No. 1: 11-CR-290-JKB-1 (D. Md. 2011). The Fourth

Circuit affirmed Walker's conviction on direct appeal. *United States v. Walker*, 585 F. App'x 162 (4th Cir. 2014). Walker later sought relief from his conviction pursuant to 28 U.S.C. § 2255, claiming that his trial and appellate counsel were ineffective. The trial court, however, denied that motion and the Fourth Circuit denied a certificate of appealability. *United States v. Walker*, 689 F. App'x 759 (4th Cir. 2017).

Walker argues in his § 2241 petition that, under *Rehaif*, to obtain a conviction under § 922(g)(1), the government must prove "that the defendant knew his or her status barred the person from possessing a firearm." [Record No. 1-1 at 3] Walker later makes a slightly different argument: that he is entitled to relief because "the government in this case failed to prove that [he] knew that he was a convicted felon, and therefore precluded from possessing a firearm." [Record No. 1-1 at 4]

Generally, a federal prisoner must challenge the legality of his conviction or sentence by filing a motion under § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). A narrow exception to this rule is set forth in § 2255(e). It permits a petitioner to challenge his conviction in a § 2241 petition, but only if the petitioner can demonstrate that he is "actually innocent" of committing the underlying criminal offense. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001). To meet this burden, the petitioner must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him ... [and] that 'actual innocence' means factual innocence, not mere legal insufficiency." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614 (1998)).[1]

---

[1] After Walker filed his petition in this matter but before the government filed its response, the Sixth Circuit clarified that "… a federal prisoner who has already filed a § 2255 motion

The Court need not decide whether a claim under *Rehaif* may be asserted generally in a § 2241 petition because Walker's claim is without merit even assuming that it may. Walker's first argument – that *Rehaif* requires the government to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under § 922(g)(1) – simply misreads its holding. The Supreme Court held that the government must prove that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner, *cf. United States v. Burghardt*, 939 F. 3d 397, 401, 403 (1st Cir. 2019), and have squarely rejected the notion that *Rehaif* requires that a defendant know that he was prohibited from possessing a firearm as a result of that status. *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019). Walker's first argument, therefore, is without merit. See *Webster v. Streevall*, No. 0: 19-CV-111-HRW, 2019 WL 5848060, at *3 (E.D. Ky. Nov. 7, 2019).

---

and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument any earlier, 'either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]'" *Wright v. Spaulding*, 939 F. 3d 695, 703 (6th Cir. 2019). Walker's petition points to no such obstacle. The government notes *Wright* but does not discuss the materiality of Walker's omission. Nonetheless, the Court assumes for purposes of discussion that Walker satisfies *Wright*'s "no reasonable opportunity" requirement because longstanding Fourth Circuit precedent in effect at the time of his conviction and initial motion for post-conviction relief rejected any mens rea requirement. *Rehaif*, 139 S. Ct. at 2210 n.6 (Alito, J., dissenting) (citing *United States v. Langley*, 62 F. 3d 602, 604-08 (4th Cir. 1995) (*en banc*) ("Similar to its predecessors, § 922(g)(1) contains no *mens rea* requirement. … Our holding today comports with all of the post-FOPA decisions that have, by implication, rejected the notion that the government is required to prove either knowledge of felony status or interstate nexus in a § 922(g)(1) prosecution")).

On the other hand, Brewer's second argument (i.e., that § 922(g)(1) requires the government to prove that the defendant knew that he was a convicted felon) is consistent with the holding of *Rehaif*. But to open the door to relief under § 2241, petitioners like Walker must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Wooten*, 677 F.3d at 307-08. The government argues that Walker cannot clear this high hurdle and the Court agrees.

In December 2002 Walker pleaded guilty in Baltimore, Maryland to two counts of trafficking in heroin. During the sentencing hearing, Walker, represented by counsel, acknowledged that he was pleading guilty to two offenses and that each carried a maximum sentence of twenty years imprisonment. The court imposed an eight-year sentence for each conviction, with all but three years suspended. [Record No. 9-1 at 15, 21, 33] In 2007, Walker pleaded guilty to first degree assault. During the plea hearing, Walker acknowledged that he faced a maximum sentence of 25 years imprisonment and the court advised him that he would receive at least ten years imprisonment. [Record No. 9-2 at 5, 8, 12] During the sentencing hearing, the court imposed a 25-year sentence, with all but twelve years suspended. [Record No. 9-3 at 4, 12] During his federal prosecution, at trial, Walker stipulated that he "had, prior to January 30, 2011, been convicted of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 United States Code, Section 921, and his civil rights had not been restored." [Record No. 146 therein at 57, 62-64]

Given his extensive criminal history, Walker has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he stood convicted of one or more felonies when he possessed the firearm. Cf. *United States v. Gear*, Crim. No. 17-742 SOM, 2019 WL 4396139, at *6-7 (D. Hawai'i Sept. 13, 2019) (declining to disturb conviction

under § 922(g)(5)(B) following *Rehaif* because even absent a jury instruction, evidence adduced at trial established that "[n]o reasonable juror could have doubted that Gear knew that he had entered the United States on an H-1B visa."); *Boose v. Marske*, No. 17-CV-303-JDP, 2019 WL 4393077 (W.D. Wisc. Sept. 13, 2019) (same under § 922(g)(1)). In addition, Walker's express stipulation to his status as a felon prevented the government from introducing any evidence at trial regarding his prior convictions. *Old Chief v. United States*, 519 U.S. 172, 185-89 (1997) (holding that where a § 922(g)(1) defendant stipulates to his felon status, the probative value of evidence about his prior convictions is substantially outweighed by the danger of unfair prejudice under Rule 401 of the Federal Rules of Evidence). Therefore, even where *Rehaif* makes clear that the jury instructions used at trial misstated the law, a defendant's stipulation to his status as a felon at trial renders the error harmless in light of *Old Chief*. *United States v. Briscoe*, No. 18-10031-EFM, 2019 WL 5549165 (D. Kan. Oct. 28, 2019). Walker has not shown that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him and he therefore has failed to establish his entitlement to habeas relief. *Wooten*, 677 F.3d at 307-08.

Accordingly, it is hereby

**ORDERED** as follows:

1. Walker's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 25, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky